**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DAVIS TUNE, INC.,**

      **Plaintiff,**

      **v.**                                **CASE NO.  3:05CV97/RV**

**PRECISION FRANCHISING, LLC,**

      **Defendant.**

_____/

## ORDER

Plaintiff Davis Tune, Inc. ("Davis Tune"), filed this action in the Circuit Court for Escambia County, Florida, against Defendant Precision Franchising, LLC ("Precision Franchising"), for breach of covenant and violation of the Florida Deceptive and Unfair Trade Practices Act. The case was removed to this court on the basis of diversity jurisdiction on March 16, 2005. The Plaintiff has now timely filed three separate motions attempting to dispose of the case: a motion to strike all of the Defendant's pleadings (Doc. 27), a motion to remand to state court (Doc. 7), and a motion to enforce a stipulation between the parties agreeing to the remand (Doc. 25).

**I.**    **DISCUSSION**

    **A.**    <u>Motion to Strike</u>

Plaintiff's first motion is a motion to strike all of the Defendant's pleadings in this case. Plaintiff bases its motion on Subsection 607.1622 of the Florida Statutes, which requires non-Florida corporations authorized to transact business in Florida to provide an annual report to the Florida Department of State regarding its activities. Any corporation failing to abide by the requirements of Subsection 607.1622 "shall

not be permitted to maintain or defend any action in any court of [Florida] until such report is filled and all fees and taxes due under this act are paid." Fla. Stat. § 607.1622(8). Precision Franchise registered as a foreign corporation with the State of Florida on June 30, 1989, but had its authorization to transact business in Florida revoked by the Florida Secretary of State in October of 1998 for failing to file its annual report. Plaintiff contends that this revocation prevents the Defendant from defending itself in the instant action.

Subsection 607.1622 does not apply to all corporations, but only corporations "transacting business" in Florida. The phrase "transacting business" is a term of art which is defined by Subsection 607.1501 of the Florida Statutes. Subsection 607.1501(2)(i) specifically provides that "[t]ransacting business in interstate commerce" does not constitute transacting business within Section 607. A similar exemption is given to out-of-state corporations "[s]elling through independent contractors." Fla. Stat. § 607.1501(2)(e). Such a limitation is necessary to prevent Subsection 607.1622 from violating the Commerce Clause of the United States Constitution. <u>Norman M. Morris v. Weinstein</u>, 466 F.2d 137 (5th Cir. 1972).

Precision Franchise is a Virginia corporation and has its primary place of business in Virginia. It maintains no offices in Florida, has no Florida employees, and its business in Florida apparently consists entirely in selling, servicing, and meeting the obligations of, its franchise agreements with certain Florida businesses, including Davis Tune. These activities place Precision Franchise within the interstate commerce exception to Subsection 607.1622(8). <u>See</u> <u>Foxco Industries, v. Fabric World</u>, 595 F.2d 976 (5th Cir. 1979) (holding that under a similar Alabama statute, interstate commerce exception applied to an out-of-state corporation's sale of franchise agreements in-state); <u>Ommani v. Doctor's Associates</u>, 789 F.2d 298 (5th Cir. 1986) (out-of-state franchiser's performance of obligations under its franchise agreements constitutes transacting business in interstate commerce). Thus, the fact that Precision

Franchise has not met the corporate filing requirements of the Florida Department of State in order to transact business within the state does not prevent it from defending this action.

      B.    <u>Motion to Remand</u>

      Plaintiff's motion to remand argues that its claims do not meet the amount in controversy requirement of $75,0000. Title 28, United States Code, Section 1332, requires an amount in controversy of more than $75,000, exclusive of interests and costs, for all cases arising under diversity jurisdiction. This requirement must be met at the time the notice of removal is filed, though a court may consider evidence submitted after notice is filed if the evidence is relevant to conditions which existed at the time notice was filed. <u>Sierminski v. Transouth Financial Corp.</u>, 216 F.3d 945 (11th Cir. 2000). Where, as here, a plaintiff fails to specify the total amount of damages demanded, the removing party bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. <u>Leonard v. Enterprise Rent a Car</u>, 279 F.3d 967 (11th Cir. 2002).

      In support of its motion for remand, the Plaintiff has submitted an affidavit from Donald E. Roe, the President of Davis Tune, in which Roe states that Davis Tune will not "demand, claim, or accept a judgment in excess of $75, 000" in this case. (Doc. 8, at 2). If the complaint includes no explicit dollar demand, a plaintiff may submit as evidence on a motion to remand an honest assessment of the value of the claim. <u>De Aguilar v. Boeing</u>,11 F.3d 55 (5th Cir. 1993). However, the Defendant argues that Roe's affidavit does not show that the Plaintiff has not met the amount in controversy requirement, as Roe's valuation of Davis Tune's claims did not include attorney's fees or non-monetary relief. The Defendant contends that either of these, when added to the equation, are sufficient to push the Plaintiff's claims over the $75,000 threshold required by Section 1332. <u>See</u> Business and Commercial Litigation

in Federal Courts § 8.4 (Robert L. Haig, ed.) (West & ABA 1998).

Actions seeking declaratory and/or injunctive relief can complicate the calculation of the amount in controversy under Section 1332. In general, the value of such relief is determined by "the value of the object of the litigation", as judged from the plaintiff's point of view. Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977); Ericsson GE Mobile Communications v. Motorola Communications & Electronics, 120 F.3d 216 (11th Cir. 1997). Stated differently, the value of requested injunctive relief is the amount the plaintiff would recover or avoid losing if the injunction was granted. Cohen v. Office Depot, 204 F.3d 1069, 1077 (11th Cir. 2000).

The Plaintiff is seeking equitable relief which, if granted, would bar Precision Franchising from enforcing certain covenants not to compete against Davis Tune. These covenants restrict Davis Tune from operating an automotive center in competition with Precision Franchising for the remaining three years of the agreement and for two years thereafter within a given distance of franchise locations. (Doc. 20, at 2). Since Davis Tune has reported annual sales of $440,000 from its automotive center, the practical gain by Davis Tune from winning a declaratory judgment in this case could be about $2,000,000 dollars. (Doc. 20, at 2). Even a small fraction of this would alone be sufficient to meet the $75,000 amount in controversy requirement.

In addition to not valuing non-monetary relief, Roe's affidavit and the subsequent correspondence between the attorneys (Doc. 19, attach. 1-10), make clear that Roe's promise not to seek more than $75,000 in damages was not meant to include attorney's fees. Attorney's fees are not normally considered a part of the amount in controversy because the successful party does not typically collect separate attorney's fees. Department of Recreation v. World Boxing Association, 942 F.2d 84 (1st Cir. 1991). However, where a grant of attorney's fees is specifically allowed by statute, such fees are considered part of the amount in controversy for

jurisdictional purposes. <u>Missouri State Life Insurance v. Jones</u>, 290 U.S. 199, 54 S. Ct. 133, 78 L. Ed. 267 (1933); <u>Morrison v. Allstate Indemnity Co.</u>, 228 F.3d 1255 (11th Cir. 2000).

In its complaint, Davis Tune has alleged violations of Sections 501.2105, 501.211(2), and 817.416 of the Florida Statutes, each of which authorizes attorney's fees. <u>See</u> <u>M.G.B. Homes v. Ameron Homes</u>, 30 F.3d 113 (11th Cir. 1994) (§ 501.2105); <u>Orkin Exterminating Co. v. Petsch</u>, 872 So.2d 259 (Fla. 2nd DCA 2004) (§ 501.211(2); <u>Boca Mara Properties v. International Dairy Queen</u>, 732 F.2d 1550 (11th Cir. 1984) (§ 817.416). The attorney's fees accrued in this case could be substantial, and if the Plaintiff is successful, would likely push the total judgment in this case over $75,000. On its own, this might not establish that Davis Tune has met the amount in controversy requirement. When combined with the evidence introduced as to the value of the Plaintiff's non-monetary relief, however, the Defendant has easily met its burden with respect to the amount in controversy.

    C.   <u>Motion to Enforce Stipulation</u>

Plaintiff originally filed its motion to remand before conferring with opposing counsel. On April 3, 2005, Edward Flemming, counsel for Davis Tune, e-mailed Jason Peterson, counsel for Precision Franchise, in anticipation of filing an amended certification stating that the parties had not been able to agree on the motion. On April 4, Peterson wrote back, stating that Precision Franchise had reconsidered its position after reading Plaintiff's motion and the Roe affidavit, and that it would "consent to the remand in reliance upon these documents." (Doc. 25, attach. 1, at 1). That day, Flemming filed a Rule 7.1(B) conference statement with the court, indicating that Precision Franchise had stipulated to the relief requested in its motion to remand. After filing the certification, Flemming wrote to Peterson, saying

> I am assuming that we need do nothing more "formal" than me certifying that we have conferred, and that you stipulate to relief requested. I specifically noted, as you did in your e-mail, that your stipulation was

based on matters contained in motion, memo, and affidavit. I think that
effectively incorporates the representations concerning dollar limits on
amounts sought in the state court action.

(Doc. 25, attach. 1, at 3).

Peterson wrote back, saying "I think that is correct." (Doc. 25, attach. 1, at 3).
However, the next day the parties agreed to reduce their agreement to a written
stipulation signed by the parties. When they attempted to do this, the parties soon
discovered that they had quite different ideas about what was being agreed to.
Specifically, Davis Tune did not believe Roe's commitment not to seek a damages
totaling more than $75,000 included either attorney's fees or the value of Plaintiff's
claims for non-monetary relief, while Precision Franchise refused to agree to any
stipulation that did not include these items in the damages calculation. After
negotiations broke down, Plaintiff filed a motion to enforce the informal agreement
between the parties on April 4, 2005.

A stipulation is an agreement, admission, or concession made by the parties
in a judicial proceeding.  Stipulations are generally looked upon favorably by the
Florida courts because they are designed to simplify, shorten, or settle litigation and
save costs for the parties.  See, e.g., Bradley v. Brotman, 836 So.2d 1129 (Fla. 4th
DCA 2003);  McGoey v. State, 736 So.2d 31, (Fla. 3rd DCA 1999).  However, a
stipulation will not be enforced if it is based on a misrepresentation or mistake of fact.
Bethea v. Bethea, 596 So.2d 1279 (Fla. 3rd DCA 1992).

Under the facts of the attempted stipulation in this case, it is apparent that
there was never real agreement.  Where parties attach materially different meanings
to a proposed general stipulation, and neither party knows or has reason to know the
details encompassed by the other, there is no enforceable agreement until the
specifics are known.  That seems to be the case here.  The defendant assumed that
Roe's promise not to seek more than $75,000 in damages included attorney's fees
and non-monetary relief. This assumption was not unreasonable, given the applicable

law on the matter.  The plaintiff, on the other hand, later clarified that it intended to exclude attorney's fees and non-monetary relief.  The fact is that the parties never had an agreement, whether construed objectively or subjectively.

II.     **CONCLUSION**

For the above reasons, the Plaintiff's Motion to Strike (Doc. 27), Motion for Remand (Doc. 7), and Motion to Enforce Stipulation (Doc. 25) are all DENIED.

DONE AND ORDERED this 20th day of May, 2005.

*/s/  Roger Vinson*
**ROGER VINSON**
**United States District Judge**